JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-cv-4971

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL SOBIESKI

### DEFENDANTS
BAY SHIPPERS LLC

17  4971

**(b)** County of Residence of First Listed Plaintiff: **NEW CASTLE COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **GENESSEE**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Swartz Culleton - Brandon A. Swartz - 215-550-6553
547 E Washington Ave
Newtown, PA 18940

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE
DOCKET NUMBER OCT 25 2017

DATE: 10/20/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**PD**

**UNITED STATES DISTRICT COURT**

Submit by Email | Print Form

17 4971

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to Indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3___ Coachman Road, Wilmington, DE 19803

Address of Defendant: 4035 Jimbo Drive, Burton, MI 48529

Place of Accident, Incident or Transaction: New Garden Township, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
 ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
 ☐ Relief other than monetary damages is sought.

DATE: _____  Attorney-at-Law _____  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/2017  Attorney-at-Law _____  78344
                                                Attorney I.D.#

CIV. 609 (6/08)

Submit by Email | Print Form

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MICHAEL SOBIESKI

v.

BAY SHIPPERS LLC

CIVIL ACTION

17-4971

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 10/20/2017 | Brandon A. Swartz | Plaintiff, MICHAEL SOBIESKI |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-550-6553 | 215-550-6557 | bswartz@swartzculleton.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 25 2017

# SWARTZ SC CULLETON PC

**Christopher J. Culleton**
*Esquire*

**Brandon A. Swartz**
*Esquire*

**Todd M. Felzer**
*Esquire*
*Chairperson of the Workers Compensation Department*

**Bryan M. Ferris**
*Esquire*

**Joseph P. Guzzardo**
*Esquire*

**Nicholas S. Jajko**
*Esquire*

**Matthew E. Gallagher**
*Esquire*

**Larissa K. Staszkiw**
*Esquire*

**Sarah R. Nayeem**
*Esquire*

**Maria K. McGinty-Ferris**
*Esquire*

*Please reply to:*
**547 E. Washington Avenue
Newtown, PA 18940**

Phone: **215.550.6553**
Fax: 215.550.6557

Website:
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
tfelzer@swartzculleton.com
bferris@swartzculleton.com
jguzzardo@swartzculleton.com
njajko@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
snayeem@swartzculleton.com
mmcginty-ferris@swartzculleton.com

*One Commerce Square
2005 Market Street, 18th Floor
Philadelphia, PA 19103*

*The Sovereign Building, Suite 19
609 W. Hamilton Street
Allentown, PA 18101*



**17     4971**

October 20, 2017

United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Court
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

            **Re:**    **Michael Sobieski v. Bay Shippers LLC**

Dear Sir/Madam:

    Enclosed for filing please find an original, a copy and a pdf on CD of plaintiff's Complaint. Please file the original Complaint and time stamp the copy and return it in the self-addressed stamped envelope enclosed herein.

    Thank you for your time in this matter.

                                    Very truly yours,

                                    SWARTZ CULLETON

                                    Ethan R. Feldman, Esq.

/erf
Enclosures

OCT 25 2017

$400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL SOBIESKI | : |
|          *Plaintiff,* | :   Civil Action No. |
| v. | : |
| BAY SHIPPERS, LLC | :   17   4971 |
|          *Defendant.* | : |

## CIVIL ACTION COMPLAINT

### I. PARTIES

1. Plaintiff, Michael Sobieski, is an adult individual and citizen of the State of Delaware, residing therein at 3221 Coachman Road, Wilmington, DE 19803.

2. Defendant, Bay Shippers, LLC, was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the State of Michigan, with corporate headquarters and principal place of business located at 4035 Jimbo Drive, Burton, MI 48529. Defendant's members are citizens of the State of Michigan for purposes of diversity jurisdiction.

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. The amount in controversy in this action is in excess of Seventy-Five Thousand ($75,000.00) dollars, exclusive of costs and fees.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

### III. STATEMENT OF CLAIM

6. At all times material herein, Defendant, Bay Shippers, LLC, owned, leased, possessed, maintained, controlled and/or operated a certain 2007 Freightliner tractor trailer, Michigan license plate #RB23778, which was involved in the motor vehicle accident hereinafter described.

7. At all times pertinent hereto, Defendant, Bay Shippers, LLC, acted by and through its agents, servants, employees, workmen and/or other representatives, including Brian McGonigle, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

8. On or about September 26, 2016, Plaintiff, Michael Sobieski, was operating a certain 2001 Navistar Eagle tractor trailer, Delaware license plate #CL113596, traveling northbound on Gap Newport Pike at or about 8823 Gap Newport Pike, in New Garden Township Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

9. On or about September 26, 2016, Plaintiff Michael Sobieski was operating the aforesaid tractor trailer, which was lawfully traveling northbound on Gap Newport Pike in New Garden Township, Pennsylvania and had come to a complete stop when, suddenly and without warning, the aforesaid tractor trailer operated by Brian McGonigle, acting within the course and scope of his employment with Bay Shippers, LLC, and owned by Defendant Bay Shippers, LLC, which was also traveling northbound on Gap Newport Pike in New Garden Township, Pennsylvania, struck the rear of the vehicle which Plaintiff was operating with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

10. The aforementioned motor vehicle accident was caused solely and exclusively by

reason of the negligence and carelessness of the Defendant and was due in no manner to any act or failure to act on the part of the Plaintiff.

## COUNT I
## MICHAEL SOBIESKI v. BAY SHIPPERS, LLC
## NEGLIGENCE

11. Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Bay Shippers, LLC, which consisted of the following:

(a) operating the aforesaid tractor trailer at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid tractor trailer under proper and adequate control at the time of the accident described herein;

(c) operating the aforesaid tractor trailer in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Michael Sobieski, more specifically failing to prevent his tractor trailer from rear ending the tractor trailer which Plaintiff was operating;

(d) failing to give proper and sufficient warning of the approach of the aforesaid tractor trailer;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the vehicle in which Plaintiff was operating;

(j) entrusting a motor vehicle to Brian McGonigle;

(k)  failing to properly recognize prior accidents of its employees, such as Brian McGonigle;

(l)  failing to properly hire employees qualified to drive commercial vehicles;

(m)  failing to properly train, monitor and supervise its employees;

(n)  failing to train employees on proper driving safety;

(o)  otherwise failing to exercise due and proper care under the circumstances; and

(p)  violating various ordinances and statutes pertaining to the operation of motor vehicles.

13. By reason of the aforesaid negligence of the Defendant, Plaintiff, Michael Sobieski, has suffered severe and permanent injuries, including, but not limited to, lumbar disc herniation, lumbosacral radiculitis, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, and brachial neuritis, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

14. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

15. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

16. As a direct and reasonable result of the aforementioned motor vehicle accident,

Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which he claims damages herein.

17. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

18. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

20. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

21. Plaintiff in no manner contributed to his injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

22. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Michael Sobieski, demands judgement against Defendant, Bay Shippers, LLC, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

                                  Respectfully,

                                  **SWARTZ CULLETON PC**

By:

                                Brandon A. Swartz, Esquire
                                Matthew E. Gallagher, Esquire
                                547 E. Washington Avenue
                                Newtown, PA 18940
                                T: (215) 550-6553
                                F: (215) 550-6557
                                bswartz@swartzculleton.com
                                mgallagher@swartzculleton.com
                                Attorneys for Plaintiff,
                                Michael Sobieski

Date: October 20, 2017